HERBERT E. ROWE *vs.* J. FRANK GREEN

AND

JAMES F. COLLINS *vs.* J. FRANK GREEN.

Penobscot.  Opinion March 14, 1917.

*Mortgages of personal property.  Consent for sale of mortgaged personal property.
R. S., 1916, Chap. 96, Sec. 2, interpreted.  Inadmissibility of oral evidence
to show consent for sale of mortgaged personal property.  Right of
mortgagee of personal property to its possession .
after mortgagee has sold same.*

The defendant sold S. many horses during the seasons of 1913 and 1914, in each instance taking back a note secured by a mortgage upon the horses, the instrument being in the nature of a Holmes note which was duly recorded.

S. sold the horses in due course of business to various parties among other purchasers being the plaintiffs here, each of whom bought a pair.  Green under his mortgage subsequently took the pair of horses from Rowe, and he received three hundred and seventy-five dollars from Collins in settlement of his security upon the pair Collins had bought.

In an action of deceipt brought by Rowe,

*Held:*

1.  That the mortgage was a valid and subsisting incumbrance, the note secured thereby never having been paid.

2.  That evidence was inadmissible to show that there was an oral understanding between Green and S. that the latter could sell and dispose of the horses in any way he saw fit, and that the security was given simply to prevent attachment of the property by other parties with whom S. might be dealing.

3.  That R. S., (1916), Chap. 96, Sec. 2, providing that "No consent given by the mortgagee of personal property to the mortgagor  .  .  .  .  for the sale or exchange of the mortgaged property shall be valid or be used in evidence in civil process unless in writing and signed by the mortgagee or his assigns," is conclusive of the rights of the parties here.

4.  That there was no deceit on the part of the defendant, but the representations made by him were in accord with the truth.

In an action for money had and received by Collins to recover the money paid to defendant to release his security, it is *Held:*

That for the reasons given above the incumbrance was valid and there is no legal ground on which, under the facts disclosed, the money paid to release it can be recovered back.

Two actions which are based on substantially the same facts.   In the first action, the plaintiff claims tort in the nature of deceit, and also a count for trover.   In the other, claim is made in the nature of assumpsit for money claimed as due plaintiff.   Defendant filed a plea of general issue in each action.   At close of testimony, cases were reported to Law Court with a stipulation as to damages if the findings should be for the plaintiff.   Judgment for defendant in each case.

Case stated in opinion.

*L. B. Waldron,* for both plaintiffs, Rowe and Collins.

*B. W. Blanchard,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, MADIGAN, JJ.

CORNISH, J.   These two actions, although different in form, are based upon substantially the same facts, which are these.   The defendant, Green, was a wholesale dealer in horses and lived in Bangor.   One Herbert H. Stubbs lived at Newport and during the seasons of 1913 and 1914 bought many horses from Green and resold them to parties living in his vicinity.

On March 21, 1913, Green sold to Stubbs seven horses, Stubbs giving his note therefor in the sum of $1387, due in two months, secured by a mortgage upon the horses.   The instrument was in the nature of a Holmes note and was duly recorded in the town clerk's office at Newport, on March 24, 1913.   Among these horses was a pair of greys which in March, 1914, Stubbs sold to the plaintiff Rowe for six hundred and thirty-five dollars cash.   Rowe took possession of the horses when bought and kept them until the last of October, 1914, when they were taken by Green.

On May 21, 1914, Green sold Stubbs four other horses, Stubbs giving his note therefor in the sum of four hundred and fifty dollars due in three months and secured, as before, by a mortgage on the horses, which was duly recorded on May 24, 1914.   One pair of these horses Stubbs exchanged with the plaintiff Collins for another pair and the sum of one hundred and fifty dollars which was paid, and Collins took the horses into his possession.   On January 2, 1915, Collins paid Green three hundred and seventy-five dollars and Green surrendered the Holmes note covering the horses.

ROWE SUIT.

Rowe brings an action of tort against Green, the declaration containing one count in deceit and another in trover. The count in deceit is based upon the allegation that the plaintiff was induced to surrender the horses to Green by Green's representations that he held a valid and subsisting mortgage on the property when in truth and in fact the defendant knew that the mortgage was invalid and of no effect. The count in trover is based upon the taking of the property by Green under the mortgage.

Neither count can be sustained. The mortgage to Green was duly executed and recorded. It was a valid instrument and its record gave constructive notice of its existence to all would-be purchasers. It is not pretended that the debt has ever been paid or the mortgage discharged.

The plaintiff however claims, and Stubbs so testifies, that at the time the mortgage was given there was an oral understanding between Green and Stubbs that the latter could sell and dispose of the horses in any way he saw fit and that the security was given simply to prevent attachment of the property by any other parties with whom Stubbs might be dealing. With this oral understanding the plaintiff attempts to overcome the effect of the mortgage itself, but such an attempt is futile. The statute forbids it. R. S. (1916), Chap. 96, Sec. 2, contains this provision: "No consent given by the mortgagee of personal property to the mortgagor, on and after the first day of January, 1905, for the sale or exchange of the mortgaged property shall be valid or be used in evidence in civil process unless in writing and signed by the mortgagee or his assigns." This statute was evidently designed to meet just such cases as the present. It is consistent with sound public policy. Mortgages given as security for debt, and duly recorded, ought not to be open to such oral attack. The purchaser has merely to examine the records in order to ascertain whether the property is or is not encumbered. Had the plaintiff in this suit taken that precaution he would not have found himself in his present unfortunate predicament.

The defendant therefore had a valid and subsisting and duly recorded mortgage upon the horses that Rowe bought. The representations made by him to Rowe were in exact accord with the truth, and the count in deceit is controverted by the evidence. It is unnecessary to discuss the proposition that the representations com-

plained of, if made, were representations of law and not of fact and therefore not actionable. The defense on its merits goes deeper than that. The representations were true under whichever class they may fall. Nor can the count in trover be maintained. The sale of the mortgaged chattels by the mortgagor revested the right of possession in the mortgagee. *Dean* v. *Cushman*, 95 Maine, 454. The defendant simply took what he had a legal right to take.

COLLINS SUIT.

As before stated, Green made his demand on Collins in October, 1914, for the horses which Collins had bought of Stubbs and after various interviews Collins paid Green the sum of three hundred and seventy-five dollars on January 2, 1915, in settlement, and obtained a discharge of the mortgage. Collins then brought this suit in assumpsit for money had and received to recover the amount so paid. This action also must fail. Green held a valid mortgage on the property. He notified Collins of the fact in October, 1914. Collins then examined the town records and ascertained that it had been duly recorded. He also took legal advice. Finally the settlement was made. For the reasons already stated it is clear that the payment made by Collins was necessary in order to relieve the horses from a valid incumbrance and there is no legal ground on which, under the facts disclosed here, it can be recovered back.

It is unnecessary to consider other points raised in the briefs of counsel. The validity of the mortgage and, under the statute, the inadmissibility of oral evidence to assail it, determine the rights of the parties here.

*Judgment for defendant in each case.*